### BRINKLEY et al. v. SMITHWICK.

#### (District Court, E. D. North Carolina. December 30, 1903.)

1. BANKRUPTCY—PLEADING—NEW MATTER—REPLICATION.
	Where an alleged bankrupt answered the petition and alleged new matter, in that the amount he had received from the sale of his goods, which the petition alleged as the act of bankruptcy, he had used in paying off certain of his debts, such allegation, in the absence of a replication, must be taken as true.

2. SAME—PREFERENCE.
	Where an answer to an involuntary bankruptcy petition admitted that the bankrupt owed debts which he was unable to pay, and that he had transferred his property for cash, and had applied the proceeds in payment of some of his debts, such answer constituted an admission that the bankrupt had preferred some of his creditors over others, which constituted an act of bankruptcy.

3. SAME—INSOLVENCY—ADMISSION—SURPLUSAGE.
	Where a bankrupt admitted his insolvency in his answer to an involuntary bankruptcy petition, his willingness to be adjudged a bankrupt on that ground, as authorized by Bankr. Act, July 1, 1898, c. 541, § 3, subsec. 5, 30 Stat. 546 [U. S. Comp. St. 1901, p. 3422], may be inferred.

4. SAME—RESERVATION OF RIGHTS.
	Where an alleged involuntary bankrupt admitted his insolvency in his answer, his reservation of a right to move to dismiss the proceedings for irregularities and want of notice was too indefinite to be considered.

R. B. Winborne and J. B. Martin, for petitioners.
F. D. Winston, for defendant.

PURNELL, District Judge. A petition in involuntary bankruptcy was filed in the District Court, to which respondent bankrupt answers, admitting the allegations of the petition, admits he owes the debts set out, and that he is unable to pay his creditors in full, and, denying the act of bankruptcy alleged specifically, to wit, that he transferred his property on the 26th of August, 1903, but alleges that said property, to wit, a stock of goods, was inventoried and sold for $3,000 cash, which amount he used in paying off certain debts. Taking the allegations of the petition to be true, the transfer of the property on August 26, 1903, was an act of bankruptcy; but taking the account of the transaction as set up in the answer, being a sale for cash, it was not an act of bankruptcy per se. There is no replication to the answer, and under the rules governing proceedings in bankruptcy, new matter being set up and no reply, the allegations must be taken as true. To hold the sale for cash to be an act of bankruptcy would be to deprive a merchant of the right to sell a stock of goods, or any part thereof, for cash, to be an act of bankruptcy. This was never contemplated by Congress. Act July 1, 1898, c. 541, § 3, subsec. 1, 30 Stat. 546 [U. S. Comp. St. 1901, p. 3422], says, "con-

veyed, transferred, concealed, or removed or permitted to be concealed or to be removed with intent to hinder, delay or defraud his creditors or any of them." The only issue raised by the pleadings is the intent, which is not one of the issues of fact contemplated in the bankrupt act to be tried by a jury. The act admitted speaks for itself, and the bankrupt is supposed to have intended what he did. The answer admits this money was used for the payment of some of his debts, giving such creditors a preference over others. This is an act of bankruptcy admitted in the answer. Goodman v. Smith, 93 Fed. 182; In re Grant (D. C.) 106 Fed. 496; Brandenburg on Bankruptcy, § 69; Boyd v. Lemon & Gale Co., 114 Fed. 647, 52 C. C. A. 343. On the issue of insolvency (section 19, 30 Stat. 551 [U. S. Comp. St. 1901, p. 3429]) respondent admits he was unable to pay his creditors in full, and does not in any way deny he owes them; that it is his purpose to pay them in full, and has no purpose to impede this hearing, and is willing to answer fully at any time the court may designate. This is an admission of insolvency in writing, and the willingness to be adjudged bankrupt on this ground under section 3, subsec. 5, may be inferred. However, the insolvency being admitted, the willingness to be adjudged bankrupt in an involuntary proceeding may be treated as surplusage.

Reserving rights in the answer "to move to dismiss for irregularities and want of notice" is too indefinite to be considered by the court. The service is according to law, and is adjudged sufficient and regular.

It is therefore, on the face of the record, considered, ordered, and adjudged that an adjudication in bankruptcy be entered, and that the petitioners take such further proceeding as they may be advised.